<u>NOT FOR PUBLICATION</u>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

Filed / Docketed
January 4, 2007

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VANN, MICHAEL ANDREW, | ) | Case No. 05-18788-R |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| STEVEN W. SOULÉ, CHAPTER 7 | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 06-1206-R |
| | ) | |
| HOMER E. WHEELER and | ) | |
| GENA DAWN VANN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR COURT TO HEAR**
**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

Before the Court is the Motion for Court to Hear Trustee's Objection to Debtor's Claim of Exemption (Adv. Doc. 20) (the "Motion") filed by Defendants Homer E. Wheeler and Gena Dawn Vann (collectively, "Defendants") on December 8, 2006, and the Trustee's Response to Defendants' Motion for Court to Hear Trustee's Objection to the Debtor's Claim of Exemption (Adv. Doc. 23) (the "Response") filed by Steven W. Soulé, Chapter 7 Trustee for the bankruptcy estate of Michael Andrew Vann (the "Trustee"), on December 26, 2006.

In the underlying chapter 7 bankruptcy case commenced by Michael Andrew Vann (the "Debtor") on October 13, 2005, the Debtor disclosed on his schedules certain real property located at 1144 South New Haven Avenue, Tulsa, Oklahoma (the "Property"), but indicated that the Property was owned by the Debtor's spouse, Defendant Gena Dawn Vann ("Gina"), and that the Debtor claimed no interest in the Property. Debtor's Schedule A (Main Case Doc. 1).[1] However, notwithstanding that he claimed no interest in the Property, the Debtor claimed an exemption in the Property on his Schedule C.[2] The parties hereto agree that the Debtor had voluntarily transferred his interest in the Property to Gina and her father, Defendant Homer Wheeler ("Wheeler"), approximately thirteen months prior to filing his chapter 7 petition (the "Transfer"). After the Trustee filed his initial objection to the Debtor's claimed exemption in the Property, the Debtor conceded "that to the extent the Debtor does not have any ownership in the real property there can be no claim of exemption under Oklahoma laws." Main Case Doc. 11 and 14. The Debtor's concession appeared to resolve the Trustee's objection to exemption and the objection was withdrawn.

On July 12, 2006, however, the Debtor amended his Schedule A to claim a one-half *beneficial interest* in the Property, and he amended his Schedule C to claim an exemption in his beneficial interest pursuant to Oklahoma's homestead statutes. Main Case Doc. 31. On July 20, 2006, the Trustee filed this adversary proceeding seeking to avoid the Transfer as

---

[1] The Debtor also indicated the Property address as his residential address on the face of his chapter 7 petition.

[2] The Debtor listed the value of his claimed exemption at $0.00.

2

a fraudulent transfer pursuant to the power, conferred upon trustees by Section 544(b) of the Bankruptcy Code, to exercise the rights of an unsecured creditor under Oklahoma's fraudulent transfer statute, 24 O.S. § 116.  Also on July 20, 2006, the Trustee filed his Objection to Debtor's Amended Claim of Exemption and Notice of Opportunity for Hearing (Main Case Doc. 35) ("Second Objection"), in which the Trustee argued that (1) the Debtor cannot claim an exemption in property that is not property of the estate and (2) if the Trustee is successful in avoiding the Transfer, the Debtor will be precluded from claiming an exemption in the recovered Property pursuant to 11 U.S.C. § 522(g).  In his response to the Second Objection, the Debtor stated that if the Court did not summarily overrule the Second Objection, the Court should "hold [the Second Objection] in abeyance . . . until the Adversary Proceeding is resolved."  Main Case Doc. 40.  In a supplemental response, the Debtor also contended that the Second Objection was untimely.  Main Case Doc. 42.  At a hearing on the Second Objection, the Court overruled the Debtor's challenge to the timeliness of the Second Objection and stayed the determination of the merits of the Second Objection pending resolution of this adversary proceeding or further order of the Court.  Minute, Main Case Doc. 43.

Notwithstanding that the Debtor requested that the determination of the Debtor's claim to a homestead exemption be stayed pending the resolution of this adversary proceeding, the Defendants now urge the Court to ascertain the validity of the Debtor's exemption claim before the parties are required to take any further action in the adversary proceeding.  The Defendants contend that if the Court concludes that the Debtor may

3

ultimately claim a homestead exemption in the Property, the Court and the parties will be spared the time and expense of proceeding with discovery, pretrial activity and a jury trial in this adversary proceeding. In his Response, the Trustee contends that the Defendants do not have standing to urge the Court to rule on the Second Objection, and that, in any event, resolution of the adversary proceeding in favor of either party will render the Second Objection moot.

The Court concurs with the Trustee's assertion that it is likely that the Second Objection will become moot upon the resolution of the adversary proceeding. If the Trustee fails to prove that the Transfer is an avoidable fraudulent transfer, then the Property will not be returned to the estate and it will not be necessary for the Debtor to exempt the Property from the estate. Conversely, if the Trustee prevails and recovers the Property for the benefit of the estate, then Section 522(g) of the Bankruptcy Code will likely preclude the Debtor from claiming an exemption in the recovered Property.[3] Accordingly, the Court does not find that judicial economy will be served by determining the Second Objection prior to trial of the adversary proceeding, and the Defendants' Motion is therefore denied.

The Court notes, however, that the Second Objection addresses only whether the Debtor may claim an exemption in the Debtor's claimed beneficial interest in the Property

---

[3] A debtor may not claim an exemption in property recovered by a trustee under Section 550 of the Bankruptcy Code (which includes property recovered under Section 544) if the property is recovered after the avoidance of a *voluntary* transfer by the debtor. 11 U.S.C. § 522(g). Although the pleadings are not conclusive, it does not appear that the Defendants or the Debtor will argue that the Debtor did not voluntarily transfer his interest in the Property to the Defendants.

4

(*i.e.*, an exemption in his claimed interest as it existed at the time of the petition) and whether the Debtor may claim an exemption in the Property if the Transfer is avoided (*i.e.*, an exemption in the Property if it is recovered for the benefit of the estate by the Trustee). The Second Objection does not address, nor would resolution of the Second Objection determine, whether the Property was exempt when the Debtor transferred his interest in the Property to the Defendants. The exempt nature of the Property at the time of the Transfer may be relevant to whether the Transfer was actually or constructively fraudulent pursuant to 24 O.S. § 116, and therefore may be litigated as an issue in the adversary proceeding. See, e.g., 24 O.S. § 113(2).

**SO ORDERED** this 4th day of January, 2007.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT