NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed / Docketed
January 4, 2007

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VANN, MICHAEL ANDREW, | ) | Case No. 05-18788-R |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| STEVEN W. SOULÉ, CHAPTER 7 TRUSTEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Adv. No. 06-1206-R |
| HOMER E. WHEELER and GENA DAWN VANN, | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS CASE AS TO GENA DAWN VANN**

Before the Court is the Motion to Dismiss Case as to Gena Dawn Vann (Adv. Doc. 21) ("Motion to Dismiss") filed by Defendant Gena Dawn Vann ("Ms. Vann") on December 8, 2006, and the Trustee's Response to Defendant Gena Dawn Vann's Motion to Dismiss with Brief in Support (Adv. Doc. 22) filed by Plaintiff Steven W. Soulé, Chapter 7 Trustee (the "Trustee") on December 26, 2006.

In assessing a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may not be dismissed unless from the face of the

complaint it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Yousef v. Reno, 254 F.3d 1214, 1219 (10th Cir. 2001) (quotations and citations omitted).

In his Adversary Complaint, the Trustee alleges that the Debtor, Michael Andrew Vann (the "Debtor"), owned an undivided one-half interest in certain real property (the "Property"); that the Debtor transferred his interest in the Property to Ms. Vann and her co-Defendant, Homer E. Wheeler ("Mr. Wheeler"), within the four year period preceding the Debtor's bankruptcy; that the Debtor did not receive reasonably equivalent value from Ms. Vann and Mr. Wheeler in consideration for the transfer of the Property; and (1) that the transfer of the Property to Ms. Vann and Mr. Wheeler was made when the Debtor was engaged or about to engage in business or transaction for which the remaining assets of the Debtor were unreasonably small, or, in the alternative, (2) that at the time of the transfer of the Property to Ms. Vann and Mr. Wheeler, the Debtor intended to incur or should have reasonably believed he would incur debts beyond his ability to pay, or, in the alternative, (3) that the Debtor transferred the Property to Ms. Vann and Mr. Wheeler with an intent to hinder, delay or defraud creditors. The Trustee seeks a determination that the transfer of the Property to Ms. Vann and Mr. Wheeler is avoidable pursuant to 11 U.S.C. § 544(b) and 24 O.S. § 116, and seeks to recover the Property or its value from Ms. Vann and Mr. Wheeler pursuant to 11 U.S.C. § 550(a)(1) and 24 O.S. §§ 119 and 120.

In her Motion to Dismiss, Ms. Vann contends that she had an interest in the Property prior to the Debtor's transfer of his interest–that, in effect, Ms. Vann and the Debtor

transferred the Property to Ms. Vann and Mr. Wheeler–and therefore Ms. Vann did not obtain any greater interest in the Property than she already had at the time of the transfer. She also asserts that she claims the Property as her homestead, an interest that the Trustee cannot compel her to relinquish. In urging her Motion to Dismiss, Ms. Vann relies on alleged facts that are not contained in the Adversary Complaint, such as the status of the title of the Property prior to the Debtor's transfer and the purported homestead character of the Property. The Court cannot consider Ms. Vann's factual allegations in determining whether the Adversary Complaint states a claim against Ms. Vann. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). In ruling on the Motion to Dismiss, the Court must accept as true all of the Trustee's well-pleaded allegations and must construe them in a light most favorable to the Trustee. See Yousef, 254 F.3d at 1219. At that point, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller, 948 F.2d at 1565.[1]

Upon consideration of the well-pleaded allegations set forth above, the Court concludes that the Trustee has stated a claim against Ms. Vann pursuant to 11 U.S.C. §§ 544(b) and 550 and 24 O.S. §§ 116, 119 and 120.

---

[1] Although a court may (but is not required to) convert a motion to dismiss to a motion for summary judgment when a party presents matters outside the pleadings in its motion to dismiss (or in response to a motion to dismiss), the Court declines to convert Ms. Vann's Motion to Dismiss to one for summary judgment because it appears that relevant facts have not yet been fully developed through discovery. See Fed. R. Civ. P. 12(b), applicable to this adversary proceeding by Bankruptcy Rule 7012.

In addition, because Ms. Vann is a record title holder of the Property at issue in this adversary proceeding and because she claims the Property as her homestead, she is a "person needed for just adjudication" of the Adversary Complaint because she "claims an interest relating to the subject of the action and is so situated that the disposit7ion of the action in [her] absence may (i) as a practical matter impair or impede [her] ability to protect that interest." Fed. R.Civ. P. 19(a), made applicable to this adversary proceeding by Bankruptcy Rule 7019.  Moreover, because the Trustee seeks recovery of the Property or its value from both transferees, "complete relief cannot be accorded" to the Trustee in Ms. Vann's absence. Id. Therefore, Rule 19(a) mandates that she "be joined as a party in the action."  Id.

For the above reasons, the Motion to Dismiss is denied.

**SO ORDERED** this 4th day of January, 2007.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT